## Maples v. Louisville Railway Company.

(Decided May 30, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Street Railroads—Action for Injuries—Instructions.—The instructions given by the trial court to the jury should present the antagonistic views of the issues made by the two parties; and where the plaintiff, in a personal injury case, testified that in crossing a street intersection where there passed an electric car he was signaled by the motorman to pass in front of the car with his wagon, and in attempting to do so and while he was upon the track of the street car company in the street, the motorman suddenly caused the car to lurch forward and strike the wagon of the plaintiff and injure him, it is proper that the trial court should have given an instruction presenting the doctrine of the last clear chance, and failing to do so reversible error was committed.

2. Evidence—Credibility—Verbal Statement.—Although the plaintiff, after injury, makes a written application to a third party for a position, and in doing so falsely states that his health did not in any way interfere with his success in civil life and that he considered himself sound and well, and that he had not had any illness, disease or accident since childhood, such is competent as evidence for the defendant on the subject of credibility of the evidence of plaintiff. But as the written statement was between the plaintiff and a third person and was not binding between the plaintiff and defendant, it was no more than a verbal statement; the defendant had the right to prove all the verbal statements made at the same time whereby he informed the concern to which he applied for a position that he had suffered injury to his person and was unable to walk a beat.

J. R. CLEMENTS, MOORMAN & WOODWARD and MORTON K. YONTS for appellant.

SELLIGMAN & SELLIGMAN and STRAUS, LEE & KRIEKER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Maples brought this action in the Jefferson circuit court to recover damages of the appellee railway company for an injury to his person and damage to his wagon, received while he was driving a one-horse vehicle south on Twenty-fourth street, at the intersection with Main. The jury returned a verdict for the appellee company, and Maples appeals.

He alleged in his petition and testified at the trial that he was driving south on Twenty-fourth street, and when he arrived at the intersection with Main he saw an electric car of appellee company approaching from the west going east on Main; that a passenger was standing at the intersection for the purpose of boarding the car when it came up, and the car slowed down as if to stop on the approach side of Twenty-fourth street, as was the custom in Louisville at that time; that the motorman of the car signaled with his left hand for appellant Maples to drive across in front of the electric car, and in pursuance of said signal he proceeded and had driven upon the tracks when the persons in charge of the electric car suddenly caused it to lurch forward at a very rapid rate and strike the wagon in which appellant was riding and carried it and his horse some forty to sixty feet east on Main, throwing appellant from his seat and injuring him in his person. He was corroborated in this evidence by a young man who was riding in the wagon with him. The averments of the petition are sufficient to present a case under the doctrine of the last clear chance, and the evidence of appellant tends to show that the street car was at a sufficient distance from the point at which the accident happened and was running at such a slow rate of speed that it could have been stopped and the injury avoided by those in charge of the car, through the exercise of ordinary care after the discovery of appellant's peril. Appellant's evidence tends to prove this. Indeed, this is the principal ground upon which he rests his cause of action. At the conclusion of the evidence appellant offered an instruction presenting, in a measure, this phase of the case, but this instruction was rejected by the court and no instruction was given presenting to the jury this issue. The refusal of the trial court to give a proper instruction presenting the doctrine of the last clear chance was error under the facts of this case. The first instruction given by the court should have contained an additional clause in substance as follows: If you believe from the evidence that at the time plaintiff Maples drove his wagon on to the tracks of the defendant company, at the said intersection, the car was under such control, traveling at such rate of speed and was far enough away from the wagon to have been stopped by those in charge of the car, in the exercise of ordinary care after the discovery by the motorman of appellant's peril, and before it struck the wagon, the law is for the plaintiff Ma-

ples, and you will so find.  The concluding phrase of the first instruction, which reads: "And unless you so believe from the evidence, the law is for the defendant, and the jury will so find," should be corrected to read: "And unless you so believe, or believe as set forth in instruction number 3, your verdict will be for the defendant company." On another trial the court will so instruct the jury.

It is also insisted by appellant that the court erroneously refused to allow him to explain why he signed, after his injury, an application to the police department for a position in which were the following questions and answers:

"Q.  Have you found that your health and habits in any way interfere with your success in civil life, and if so give details?  A.  No.

"Q.  Do you consider yourself sound and well?  A. Yes.

"Q.  What illness, disease, or accident have you had since childhood    A.  None."

This was brought out by the defendant company and it argues upon this appeal that appellant was not entitled to show that he made to the police department, at the time of the making of the said written application, a verbal statement to the effect that he had been injured to such an extent that he was unable to walk a beat as a policeman, but desired employment with the department as a driver of a police motor car.  As this writing was between appellant Maples and the police department of the city of Louisville, it had no binding effect whatever between appellant and appellee.  Its introduction was proper for the purpose only of contradicting and discrediting appellant Maples, if it did do so.  That the application was in writing added nothing to its force so far as this trial was concerned, for appellant admitted he made the statement, but he says at the time he made the said written statement he made a verbal statement in explanation thereof to the effect that he had suffered an accident and was unable to walk a beat.  We hardly think that any one learned in the law would argue that said explanation offered by appellant would have been admissible had the application to the police department been a verbal one only.  As its effect is exactly the same as if it had been verbal it must be conceded that appellant was entitled to show the whole conversation had between him and the police department at the time of the making of the application for position.

His statement to the police department that he had not been injured was not conclusive upon him but could be used by the railway company to discredit his testimony given upon the trial that he had suffered an injury. If upon another trial the company introduces evidence to prove that appellant signed a written application to the police department in which he said in substance he had suffered no accident and considered himself sound and well, appellant should be allowed to show the balance of the statement made by him at that time.

For the reasons indicated the judgment is reversed for new trial consistent with this opinion.

Judgment reversed.

Judge Moormon not sitting.