ORLOWSKI *v.* PERE MARQUETTE RAILWAY CO.

1. APPEAL AND ERROR—REVIEWING MOTION FOR DIRECTED VERDICT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries claimed to have been caused by defendant's negligence, in reviewing the denial of defendant's motion for a directed verdict on the ground of plaintiff's contributory negligence, the Supreme Court must assume the negligence of defendant and view plaintiff's acts in as favorable a light as the evidence warrants.

2. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries caused to plaintiff when his automobile, stalled upon a railroad crossing, was struck by defendant's train, which was scheduled to stop at an intervening depot with the locomotive at rest slightly beyond the point occupied by the automobile, whether plaintiff, after seeing the oncoming train over 1,200 feet away, was guilty of contributory negligence in attempting to start his engine and not immediately leaving his automobile and seeking a place of safety, *held*, under the circumstances, a question of fact for the jury.

3. SAME.

Where the evidence shows that the speed of the train was such that the locomotive went about 150 feet beyond its usual stopping place, and that plaintiff attempted to leave the automobile as the locomotive was approaching the depot, the question as to whether plaintiff would have had time to reach a place of safety if the train had been approaching at its usual speed, *held*, for the jury.

4. APPEAL AND ERROR—INSTRUCTIONS—DUTY OF COUNSEL TO ADVISE COURT.

If the court overstates the defense to the jury, it is the duty of defendant's counsel to so advise it and have correction made at the time.

5. TRIAL—INSTRUCTIONS.

Where defendant claimed that plaintiff was guilty of

On contributory negligence at railroad crossing of driver of automobile where his engine is stalled, see notes in 46 L. R. A. (N S.) 707; 6 A. L. R. 681.

contributory negligence, and it was driven by the undisputed testimony as to the speed of the train to claim that it was contributory negligence for plaintiff not to leave the automobile when he first saw the oncoming train over 1,200 feet away, there was no error in the trial court's stating to the jury such to be defendant's claim.

Fellows and Clark, JJ., dissenting.

Error to Charlevoix; Mayne (Frederick W.), J. Submitted January 31, 1923. (Docket No. 83.) Decided April 27, 1923. Rehearing denied July 19, 1923.

Case by Louis Orlowski against the Pere Marquette Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Williams, Shields & Seaton (Charles E. Ward,* of counsel), for appellant.

*R. L. Lewis (J. M. Harris,* of counsel), for appellee.

Wiest, C. J. The 4th day of June, 1920, in mid-afternoon, while plaintiff was driving his automobile across the railroad track of defendant at a street crossing about 100 feet north of the passenger depot in the village of Ellsworth, the engine stalled and the automobile stopped on the railroad track. Plaintiff's automobile had been parked near the depot and he had just started from there under low speed to make the crossing, and before driving on the track had looked and no train was in sight. When his car stopped on the track he again looked and saw a passenger train coming from the south around a bend over 1,200 feet away. He then glanced to see if the switch was on and found it was and stepped on the self-starter; the engine turned over but would not start the car. The whistle of the train caused him to look in that direction and he saw the train nearing the south end of the depot and coming toward him at

a high rate of speed, and he started to get out of his car but it was too late, and the locomotive struck and pushed his car about 150 feet before the train was stopped. In the accident he received serious injuries and he brought this suit to recover damages, claiming that defendant's servants in charge of the passenger train were guilty of negligence and he was exercising due care.

The passenger train was one scheduled to stop at Ellsworth and it appears that at such stop the engine always rested across or beyond the street where plaintiff's car was stalled. At the close of plaintiff's proofs defendant requested the court to hold plaintiff guilty of contributory negligence, as a matter of law, in remaining in and trying to start his car after he saw the oncoming train and had opportunity to escape. Defendant relies upon the rule applied in *Krouse* v. *Railway Co.*, 215 Mich. 139, and *Apps* v. *Walters*, 216 Mich. 17. In considering this point we must assume the negligence of defendant and view plaintiff's acts in as favorable a light as the evidence warrants.

On the part of plaintiff it is claimed he acted as an ordinarily prudent man under the same circumstances would have acted; that he knew the passenger train made the stop at Ellsworth and his position was such that the train would come to the depot before reaching him; that three small children were in the automobile and it was an act of common prudence on his part to attempt to start the car with the appliance which had worked a few moments before and had never caused him trouble.

If we hold with defendant we establish the rule that, when an automobile stalls upon a railroad track, with a passenger train over 1,200 feet away, scheduled to stop at an intervening depot, with the locomotive at rest at or slightly beyond the point occupied by the stalled automobile, one in charge of the automobile is

guilty of contributory negligence if he does not scuttle, instead of making some endeavor to operate his car out of the place of danger. If it was within the range of a finding by the jury that a reasonably prudent man, under like circumstances, would endeavor to start the car, then it is not a question of law. Assuming that plaintiff upon his first view of the oncoming train had time in which to jump from his automobile and to a place of safety, was he, as a matter of law, negligent in not doing so?

There is no evidence that plaintiff was guilty of any negligence in getting his automobile on the track. This, however, is of little importance. There was evidence from which the jury could find that plaintiff had a right to assume this train would make its scheduled stop at the depot and in order to do so would slacken its speed. If the speed of the train had been such as to permit its usual stop would plaintiff have had time to leave his automobile when he made the attempt and get to a place of safety? This presented a question of fact for the jury. In the *Krouse Case* this question was not involved. Plaintiff's automobile was stalled at about the point the locomotive would come to rest for the depot stop, and everybody knows that in stopping a train the speed is first reduced. But, it is said, plaintiff had no right to assume it was the afternoon passenger train, for it, so far as he knew at the time, might have been a special train. He appeared, however, to have assumed correctly, and he had good ground for so assuming, and we must consider the case as presented. This locomotive went about 150 feet beyond its usual stopping point. We are not informed of the reason for this except by testimony that it came upon plaintiff at a rapid rate of speed. The defendant company offered no proof. We cannot hold, under the evidence, that plaintiff was guilty of contributory negli-

gence as a matter of law.   The jury found he was not
guilty of contributory negligence as a matter of fact.
The question was properly submitted to the jury.

While laying the issues before the jury the trial
judge asked counsel for defendant if he had sufficiently
covered the point as to the claimed duty of plaintiff
at the time of the accident.   In reply counsel stated
that the jury should be instructed as to the duty of
plaintiff when he saw the train 1,272 feet away.
Thereupon the court said to counsel:

"State what the duty was in your opinion, without
argument, I have endeavored to state what his duty
was, you state it and then I will state whether I agree
with you or not.

"*Counsel:* I prefer not to do that at this time, your
honor, I have fully and completely stated my opinion
on that subject to your honor in the absence of the
jury and I believe that that subject should be covered
by the charge of the court."

The court then proceeded to instruct the jury as
follows:

"I, at the suggestion of counsel will state, I under-
stand the claim of the defendant to be that immediately
upon seeing the train that the plaintiff should have
abandoned the car, made no effort to start the car
or to proceed further if he was already starting the
car with the starter, that he should stop that im-
mediately and get off the car and thereby avoid injury
to himself personally.

"The defendant claims that, not immediately leaving
the car upon first seeing the train that the plaintiff
was negligent and therefore guilty of contributory
negligence and he cannot recover.

"Now, I understand this is what the defendant re-
fers to in desiring me to charge you further.   I state
that as his position."

Counsel contend that the court thereby overstated
the defendant's claim to its prejudice, and also there
was error in asking counsel to restate, in the presence

of the jury, a matter fully presented on the motion
to direct a verdict and there overruled. If the court
overstated the defense, there was opportunity then
and there to have correction made and it was the duty
of counsel to so advise the court. But, did the court
overstate the claim? In his motion for a directed
verdict counsel made the claim that:

"Under his own testimony he was stalled upon the
track before the train came into his view; that under
the undisputed evidence it was at least 1,272 feet and
probably farther away. That he knew the train was
coming, knew he was in a place of danger, and took
the chance of trying to start his engine, consuming
all the time which elapsed between the time the train
first came into his view, not less than 1,272 feet south
of the point where he was stalled until the train was
within five or six rods of the south end of the station,
a distance of over a thousand feet, in an effort to
examine his car and start it. That he made no effort
to leave the car and save himself or his passengers
until the train was within five or six rods of the
south end of the station. That his reason for this
was because he had confidence that the train would
stop short of the crossing where he was stalled.
That he had ample time while the train was running
from the point where he could first see it to get
himself and his passengers out and to a place of
safety, and to have pushed the car off the track in-
stead of trying to start it. That if he had gotten out
of the car when he saw the train coming and pushed
his car a little to one side he would have been ab-
solutely safe.  *  *  *  That he consumed so much
time in attempting to start his car that he barely got
his left leg out of the auto door at the time the train
struck the auto."

If plaintiff was not guilty of contributory negligence
in trying to start his car, as he claimed, then there
was no defense of contributory negligence, and it was
not open to defendant to claim plaintiff remained in
his automobile attempting to start it until the train
was upon him. The only testimony in the case upon

this subject was given by plaintiff, and was that he did no more than to look at the switch and step on the starter before attempting to leave the automobile.

If the speed of the train was 30 miles an hour it would travel 1,820 feet in 30 seconds. The train was about 1,272 feet away when first discovered by plaintiff and, while the record does not disclose its speed, beyond that, "it appeared to be coming very fast," and "faster than usual," it gave plaintiff but a few seconds before it reached him. Defendant was driven, by the undisputed testimony, to rely upon the claim that plaintiff was guilty of contributory negligence in not leaving his automobile at once when he first saw the train coming, and there was no error in the court stating such to be defendant's claim.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

BIRD, SHARPE, MOORE, and STEERE, JJ., concurred with WIEST, C. J. McDONALD, J., did not sit.

CLARK, J. (*dissenting*). This case is controlled by *Krouse* v. *Railway Co.*, 215 Mich. 139; and therefore should be reversed, with costs to defendant.

FELLOWS, J., concurred with CLARK, J.