The judgment of the District Court is affirmed.

## ST. LOUIS-SAN FRANCISCO RY. CO. v. THOMPSON.

Circuit Court of Appeals, Fifth Circuit. February 9, 1929.

No. 5383.

D. W. Houston, of Aberdeen, Miss. (E. T. Miller, of St. Louis, Mo., and D. W. Houston, Sr. and Jr., of Aberdeen, Miss., on the brief), for appellant.

Lester G. Fant, of Holly Springs, Miss. (R. G. Draper, of Memphis, Tenn., on the brief), for appellee,

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a judgment of the District Court for the Northern District of Mississippi in favor of appellee in an action for the death of his intestate, and for injury to his automobile, caused by a collision between it and a passenger train of the appellant at the crossing of a public highway with appellant's track. Complaint is made by appellant of certain rulings of the court below admitting evidence against the objection and exception of appellant, and in refusing to direct a verdict upon appellant's motion.

1. The plaintiff below (appellee here) offered evidence tending to show that the crossing was rough and in generally bad condition at the time of the accident, to which appellant (defendant) objected and excepted. The declaration complained of the crossing only because of the presence of loose ties on or near it. While other defects would not have been ground for recovery, proof of their existence was part of the res gestæ of the accident, enabling the jury to determine the reasonableness of plaintiff's version of the accident, and whether or not his intestate was himself negligent.

2. The plaintiff, on cross-examination of defendant's witness Grady Bishop, drew from him the fact and time with reference to the accident, and trial, when he was taxed with having left loose ties near the highway crossing by the claim agent of the defendant. The court admitted the testimony against the objection and exception of defendant. The questions were competent to show the interest of the witness to exonerate himself upon the issue of his credibility, though not as proof of his negligence. The District Court admitted the evidence on the former ground.

3. After the evidence of the plaintiff was completed, defendant moved for a directed verdict. After the argument on the motion, plaintiff asked leave to recall his witness Mack Alexander, who testified to having seen cross-ties unloaded by the defendant at the crossing, before the accident happened. The court permitted the witness to be recalled and to so testify, against objection of defendant. This was within the discretion of the court in furtherance of the ends of justice, and no abuse of discretion appears.

4. The District Court submitted to the jury the issues of defendant's negligence, or want of it, its causal relation to the accident, and the negligence of the intestate. The defendant moved for a directed verdict, and excepted to the court's denial of his motion.

The declaration charged: (a) Negligence of defendant in reference to leaving cross-ties on or dangerously near the highway at the crossing, and (b) of the trainmen in the operation of the train that struck the intestate's car. Either kind of negligence, when established, and its causal relation to the collision shown, would suffice. We think the District Court properly submitted the issue of defendant's negligence to the jury in both aspects.

(a) It was the duty of the defendant not to leave loose cross-ties so close to the highway at the crossing as to likely become an obstruction to travel over the highway and unreasonably endanger its safety. The evidence of plaintiff tended to show that defendant failed in the performance of this duty, and the testimony of the intestate himself tended to show that he was delayed on the defendant's track by such an obstruction, and the collision thereby caused.

(b) The defendant's fireman testified that he was looking ahead, and first saw the intestate when the train was 200 feet from the crossing, immediately notified the engineer, who stopped the train in 400 or 450 feet, and that the intestate drove his car on the track without stopping or stalling. If the fireman's evidence was all that was in the case, the trainmen may have been without fault. The intestate, however, testified to getting on the track before the train came in sight, to rolling over a cross-tie on the track, and becoming stalled there, and remaining in that state till struck. The evidence tended to show that, if there, when the train came in sight, his predicament could have been seen by persons on the engine looking out ahead 1,500 feet from the crossing. If the intestate told the truth about stalling on the track before the train came in sight, the engineer and fireman should have seen his peril 1,500 feet from the crossing, and were negligent either in not having seen it, or in not having stopped, after having seen it, and before the crossing was reached, a distance of three times more than 450 feet. If the jury accepted intestate's story, the engineer and fireman, one or both, were negligent in not discovering the peril of intestate and in not avoiding the collision, and their negligence would have been a cause of it.

If it was proper for the District Court to submit to the jury the issues of defendant's negligence and its causal relation, then the contention of appellant that intes-

tate's negligence was the sole cause of the collision, under the evidence, as a matter of law, is not well founded. If intestate's negligence was the sole cause of the collision, it would follow that defendant was guilty of no causal negligence, and a verdict for it should have been directed for that reason. If the intestate and defendant were both negligent, intestate's negligence would only go in reduction of damages and would not destroy his right to recover. If the jury believed intestate's evidence that his car was stalled on the track in front of a rapidly approaching train, it would be for them to say whether his remaining in his car till it was struck, in that position of peril, was negligence; and not for the court.

No error appearing in the record, the judgment of the District Court is affirmed.