JAMES W. PARSONS, APPELLEE, V. L. E. BERRY ET AL., APPELLANTS.

FILED JANUARY 24, 1936. No. 29422.

*Baylor & Tou Velle* and *George Healey*, for appellants.

*Comstock & Comstock* and *I. D. Beynon, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

PAINE, J.

This is an appeal from an action brought to recover

damages for personal injuries received in an automobile collision, in which a judgment was entered for the plaintiff and appellee for the amount of the verdict of $7,500.

This accident occurred on September 28, 1933, just north of the city of Lincoln, at the intersection of Twenty-seventh street and Adams street, at which point U. S. Highway No. 77 runs on Adams street. The plaintiff, aged 63 years, was driving his Model T Ford automobile, and seated with him in the front seat were his son and niece. The rear part of this Ford automobile had been made over into a box for carrying things. It is the testimony of the plaintiff that he was not running over 15 or 20 miles an hour at any time as he approached the intersection of Twenty-seventh and Adams streets, and that he came to a full stop at the stop-button. It was about 4 o'clock in the afternoon of a clear day. He looked to the west and saw the car of the appellant, Mrs. Edith Berry, just crossing a bridge located about 1,000 feet west of the intersection, and he slowly started from the stop-button, and upon looking again to the west he discovered that the 1930 Chevrolet sedan in which Mrs. Berry was approaching him was being driven at between 60 and 70 miles an hour, and that she was then within 500 feet of him. He continued on across the center of the intersection to turn west on No. 77, and when his car was turning west, he testified, she lost control of her car and ran directly into his car, which was on the north side of No. 77. His car was turned completely over and landed against a telephone pole. The plaintiff was picked up, terribly injured, and taken to the Bryan Memorial Hospital, where it was found that he had a cut over his right eye, a cut finger, fractures of four ribs, and a fracture of a part of each of the third and fourth vertebræ, and he laid in a cast in the hospital for some weeks, and then wore a body brace.

The evidence on the part of the appellants is to the effect that Mrs. Berry was driving east on Adams street, going approximately 35 miles an hour, was unaccompanied; that she was immediately followed by two other cars. All three of these cars were driving east, and there were also three

other cars approaching the same intersection, so there were a number of witnesses of this collision. Mrs. Berry testifies that she assumed that the plaintiff was going to stop at the intersection, but testifies that he did not, and drove into the intersection in front of her, and that she then did everything she possibly could to avoid a collision. She also insists that she had her car under reasonable control, and that if she diverged any to the left it was caused by the plaintiff driving onto the intersection without stopping. The appellant insists in her argument that all of the injuries of the plaintiff were minor in their nature, and that, if there was any angulation of the spine to the left, such curvature was a result of his occupation, and not a result of the accident.

There was evidence tending to support the claims of each party. It would be of no particular value to review all of the evidence of each of these witnesses as set out in 500 pages of the bill of exceptions, and it is sufficient to say that the jury must have believed the evidence of the plaintiff and his witnesses as to how the accident occurred, the respective speed of the cars, and the cause of the collision, for the jury returned a verdict in his favor for $7,500, and we find there is ample evidence to support the verdict. Therefore, we hold against the appellants on their contentions that there is not sufficient evidence to sustain the verdict, and that the verdict is contrary to the clear weight of the evidence.

The next objection is that the verdict is excessive. However, in our opinion the evidence supports the plaintiff's evidence as to the nature of the injuries, and as to the suffering, and time spent in the hospital in a cast, and the wearing of the Taylor spine brace for months, and this was fairly submitted to the jury, and we believe the evidence would warrant the amount of the verdict.

In the motion for a new trial, the defendants set out 101 errors of the court, but in the brief but 18 errors are listed. In the argument in this court, the defendants' counsel appeared to place considerable reliance upon the alleged error

of the court in the giving of instruction No. 13, in accordance with the doctrine of the last clear chance. It appears that in the trial of the case the late Judge Comstock, as attorney for the plaintiff, offered but one instruction, and this instruction was given by the court as its No. 13, and reads as follows:

"Plaintiff, in his petition, invokes the rule of the last clear chance.

"This rule is based upon the idea that, when any person is in a place of danger, whether negligent or not, one who knows, or who might know, and under the circumstances ought to know of the danger, must use ordinary care to avoid injuring him.

"Therefore, if you find from the evidence that the plaintiff drove his Ford automobile into the intersection of Twenty-seventh and Adams streets and thus placed his automobile and himself in a position of danger in front of the oncoming automobile driven by the defendant, Edith Berry, where he could not extricate himself, and if the defendant, Edith Berry, observed plaintiff's position of peril or by the exercise of reasonable diligence could have observed his peril and failed to use reasonable and ordinary care, under the circumstances, to prevent colliding with the plaintiff's car, and plaintiff was injured thereby, then your verdict should be for the plaintiff."

This instruction was based upon ample allegations in the petition to the effect that the defendant negligently omitted to stop or slacken the speed of the Chevrolet automobile after observing the perilous position of the plaintiff and his Ford automobile in the street intersection, and negligently omitted to keep a proper lookout to observe the plaintiff's perilous situation.

The rule of the last clear chance has been before this court a number of times, and may be stated generally that the rule implies that one charged with negligence knew the person injured was in a place of danger and negligently failed to avoid injuring him. The evidence discloses that the defendant driver of the car knew that the plaintiff had

driven into the intersection with his slow-moving Model T Ford car, when she was many feet away from the intersection, and saw the perilous position in which the plaintiff was, in time to have avoided the accident if she had her car under proper control. *Zitnik v. Union P. R. Co.*, 91 Neb. 679, 136 N. W. 995.

It appears that instruction No. 13 follows rather closely the language used in the opinion of the court in *Johnston v. Delano*, 100 Neb. 192, 158 N. W. 1034, and is supported as well by the recent opinion of this court in *Wilfong v. Omaha & C. B. Street R. Co.*, 129 Neb. 600, 262 N. W. 537, in which many authorities are reviewed and discussed.

An examination of some of the cases cited by the defendant shows that the doctrine of the last clear chance did not apply in those cases, because there was not sufficient time for reflection and avoidance of the danger, while in the case at bar Mrs. Berry testified that she saw the Model T Ford automobile approaching this intersection when she was approximately 1,000 feet back from the intersection, and she must have realized that the Ford was proceeding into the intersection several hundred feet before she reached it, and she had sufficient time to have controlled the speed of her car to have avoided the crash, and by the pleadings and the evidence it was proper for the trial judge to give the instruction submitted by the plaintiff upon the doctrine of the last clear chance.

The doctrine of last clear chance applies where there is negligence of the defendant subsequent to the negligence of the plaintiff and the defendant's negligence is the proximate cause of the injury. In this case, if the jury believed that the defendant had the last clear chance to avoid the collision, she was responsible if in the exercise of ordinary care she failed to do so.

Other instructions given by the court, and criticized by the defendant, might have been improved somewhat, but we are unable to find reversible error in the record before us, and the judgment is therefore

AFFIRMED.