MARY A. HARSTICK, EXECUTRIX, APPELLANT, V. CHARLES BECKENHAUER, SR., ET AL., APPELLEES.

8 N. W. (2d) 834

FILED APRIL 9, 1943. No. 31499.

*R. B. Hasselquist* and *F. M. Deutsch,* for appellant.

*Zacek & Nicholson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

Plaintiff, as executrix of the estate of her deceased husband, seeks to recover damages for his death. The defendants Charles Beckenhauer and Camilla Beckenhauer are husband and wife, and defendant Paul Beckenhauer is their son. The petition charges that the death was caused by the negligence of the defendant Paul Beckenhauer. The father and mother were joined as defendants under an allegation that Paul was their agent and servant. Trial was had. At the close of plaintiff's case in chief, on motion of defendant Camilla Beckenhauer, the jury were instructed to return a verdict in her favor. That action is not here assigned as error. The trial proceeded against the remaining defendants. The jury returned a verdict for the defendants. Plaintiff appeals. We affirm the judgment of the trial court.

Park street runs east and west, and Main street runs north and south in the city of West Point. The street is paved with brick. A marked pedestrian crosswalk runs north and south across Park street connecting the east side of Main street. It is protected by a "Stop" button in the middle of the street, and about two and a half feet east of the east line of the pedestrian crosswalk.

The evidence in the light of the jury's verdict is ample to sustain the following factual situation. The deceased walked south along the crosswalk and met and visited with

a friend at about the stop button. He then continued south and the friend north. In the meantime the defendant Paul Beckenhauer, then aged 15 years, riding his bicycle, approached from the east, at a slow speed, and saw deceased six feet south from the button. He turned to go south of the button (as the north-bound man was then four feet from the button) and stopped his bicycle, by using his feet on the pavement or otherwise, so that the front wheel either did not cross the east line of the crosswalk or stopped a short distance beyond. In the meantime deceased turned, for some reason, either to renew his conversation or in alarm at the approaching bicycle and said: "What are you trying ——." He then stepped backward and fell over backward to the pavement, receiving the injuries that caused his death the following day. The bicycle did not strike the deceased. Paul took his bicycle to the curb and assisted in giving aid to the deceased. There is controversy in the evidence as to the exact position of the parties, but the testimony of eyewitnesses sustains the above statement as to what happened. There is also controversy in the evidence as to whether or not Paul was on a mission for his parents when these events occurred.

These questions were all determined by the jury in the defendants' favor.

The assignments of error advanced here go to the question of negligence of the defendant Paul Beckenhauer and not to the verdict of the jury finding for the defendant Charles Beckenhauer, Sr., so that is not here assailed.

The trial court instructed the jury in part as follows: "No. 7. Negligence in a legal sense consists of some act or omission of duty that in the ordinary and natural course of events might be the proximate cause of the injury complained of. It is want of ordinary care and may consist in doing something that ought not to be done, or in not doing something which ought to be done. By ordinary care is meant that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances. It should be that degree

of care and prudence that the circumstances and conditions reasonably require."

"No. 8. By proximate cause is meant that cause which without the aid of any other intervening and extraneous cause naturally produced the injury complained of."

Plaintiff first directs our attention to the second sentence of instruction No. 7, and states that it is not a correct definition of negligence, and that a correct definition of negligence is that it is a failure to do what reasonable and prudent persons would ordinarily have done under the circumstances, or doing what reasonable and prudent persons would not have done under the circumstances. In making this contention plaintiff overlooks the third and fourth sentences of the instruction. While the instruction is not perfect in view of the use of the word "might" in the first sentence, it did not misadvise the jury to the plaintiff's prejudice.

But plaintiff complains of the use of the word "might" in the first sentence and asserts that because of it the instruction is erroneous. The instruction was advantageous to the plaintiff.

Plaintiff complains of instruction No. 8 in that it does not follow the accepted definition of proximate cause.

Again it may be said that the language of the instruction is not perfect, but we are unable to see wherein it was detrimental to plaintiff. "An instruction, though erroneous, is not prejudicial unless it affects adversely the substantial rights of the appellant." *Falkinburg v. Prudential Ins. Co.*, 132 Neb. 831, 273 N. W. 478. See Comp. St. 1929, sec. 20-853.

Plaintiff next argues that the court erred in failing to submit the case to the jury on the doctrine of the last clear chance. This case does not call for the application of that doctrine. The issues, as made up, present only the question of whether or not the defendant was negligent. There was no evidence that the deceased was negligent in any way.

The doctrine of the last clear chance presupposes negligence on the part of the person injured or whose property

is damaged. It has no application where the position of peril of the person or property injured is not due to negligence for which the party injured, in his person or property, is responsible. 45 C. J. 988; 38 Am. Jur. 903, sec. 217; Restatement, Torts, 1253, sec. 479; 1 Shearman and Redfield, Negligence (Rev. ed.) 285.

We are mindful of the statement in *Johnston v. Delano,* 100 Neb. 192, 158 N. W. 1034, that the doctrine of the last clear chance "is based upon the idea that, when any person is in a place of danger, *whether negligent or not,* one who knows, or who might know, and under the circumstance ought to know, of the danger, must use every precaution to avoid injuring him." (Emphasis supplied.) This language was cited with approval in *Barrett v. Alamito Dairy Co.,* 105 Neb. 658, 181 N. W. 550, where, under the facts, we held that the doctrine was not applicable. In *Parsons v. Berry,* 130 Neb. 264, 264 N. W. 742, the language used in *Johnston v. Delano, supra,* was followed in an instruction where the case turned upon the question of whether or not the defendant had sufficient time to avoid the accident. The opinion states, however, "The doctrine of last clear chance applies where there is negligence of the defendant subsequent to the negligence of the plaintiff and the defendant's negligence is the proximate cause of the injury." The language of *Johnston v. Delano, supra,* was again quoted in *Nielsen v. Yellow Cab & Baggage Co.,* 130 Neb. 457, 265 N. W. 420. In that case there was negligence on the part of the plaintiff but the doctrine was held not applicable because there was insufficient time for defendant's driver to have avoided the collision.

In *Kruger v. Omaha & C. B. Street R. Co.,* 80 Neb. 490, 114 N. W. 571, we said: "The doctrine of the 'last clear chance' simply means that, notwithstanding the previous negligence of the plaintiff, if at the time the injury was done it might have been avoided by the exercise of reasonable care on the part of the defendant, the defendant will be liable for the failure to exercise such care."

As late as *Carnes v. DeKlotz,* 137 Neb. 787, 291 N. W.

490, where the negligence of plaintiff was charged and supported by evidence, we approved the application of the last clear chance doctrine following the rule long in force in this state, containing the element of plaintiff's negligence in exposing herself to danger. See *Wilfong v. Omaha & C. B. Street R. Co.*, 129 Neb. 600, 262 N. W. 537.

The language used in *Johnston v. Delano, supra*, "whether negligent or not," indicating that the last clear chance doctrine did not presuppose negligence of the plaintiff was not necessary to a decision of that case (the negligence of the plaintiff's intestate being presented) and it is disapproved.

Finally plaintiff argues that the verdict is not sustained by the evidence. We see no merit in this contention. It is, not claimed that the defendant was negligent as a matter of law. The burden of proof was on the plaintiff, not the defendant.

The judgment of the district court is affirmed.

AFFIRMED.

Wenke, J., not participating in the decision.