ROBERT B. WHITEHOUSE, APPELLEE, v. GUY A. THOMPSON, TRUSTEE MISSOURI PACIFIC R. R., APPELLANT.

34 N. W. 2d 385

Filed November 12, 1948. No. 32409.

*Kennedy, Holland, DeLacy & Svoboda,* for appellant.

*Pilcher & Haney,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an action to recover for personal injuries and property damage growing out of an accident at a railroad crossing. The jury returned a verdict for the plaintiff and the defendant appeals.

The evidence shows that on January 30, 1946, plaintiff was driving his automobile in a southerly direction on 40th Street in Omaha, Nebraska. The day was gloomy and visibility was not good, although the evidence does not show that poor visibility was a contributing factor to the accident. The ground was covered with a light snow and the streets were somewhat icy. The defendant's railroad tracks cross 40th Street a short distance north of Leavenworth Street. In approaching from the north one first crosses a spur track. About 40 feet beyond are the two parallel main tracks of this defendant. It was near the north rail of the north main track that the accident occurred.

Plaintiff testified that as he approached from the north he was traveling about five miles per hour. He says that as he crossed the spur track he observed the train approaching from the east. He says that he attempted to stop his car, but due to road conditions he

was able to stop approximately two feet short of the near rail of the track on which the train was approaching. He says that his front wheel dropped into a water drain or catch basin from which he could not extricate himself because of the slippery condition of the street. His testimony is that the train was about 50 feet from him when the front wheel of his car dropped into the drain and that it was traveling six or seven miles an hour. It is the contention of plaintiff that the engineer saw or should have seen his predicament and should have stopped the train in time to avoid a collision. Plaintiff says that defendant's engineer failed to stop his train until it struck plaintiff's car and caused the injuries of which complaint is made.

Defendant's engineer testified that he observed the approach of plaintiff and assumed that he would stop. When he observed that plaintiff continued to approach the crossing at a speed indicating that a collision was imminent he applied his emergency brakes and stopped the train. The engineer says that plaintiff ran into defendant's engine after it was stopped. In view of the jury's verdict, we must accept the evidence most favorable to the plaintiff in passing on the questions here presented.

The trial court submitted the case under the doctrine of the last clear chance. Defendant contends that the evidence is not sufficient to take the case to the jury on that theory.

In order to recover under the doctrine of the last clear chance in this state there must be sufficient evidence to sustain a finding (1) that the party invoking the doctrine was by his own negligence immediately before the accident in a position of peril from which he could not escape by the exercise of ordinary care, (2) that the party against whom it is asserted knew or ought to have known of the other's peril, (3) that the party against whom the doctrine is invoked had the present ability with the means at hand to avoid the

accident without injury to himself or others, (4) that the failure to avoid the accident was due to a want of ordinary care on the part of the person against whom the doctrine is invoked and that such want of ordinary care was the proximate cause of the accident, and (5) that the negligence of the party imperiled is neither active nor a contributing factor in the accident. The trial court instructed the jury on the last clear chance doctrine in substantial compliance with the foregoing rule.

If we find the plaintiff's evidence to be true, as we are required to do under the present state of the record, it shows that plaintiff's car became lodged in a water drain in such a manner that the icy condition of the street prevented its removal under its own power. The evidence also shows that defendant's engineer saw the car from the time it came into view and should have seen plaintiff's predicament in ample time to stop. Defendant's engineer admits that the train was stopped in 26 to 28 feet, a much less distance than existed when plaintiff's car first lodged itself in the water drain. Consequently a present ability to avoid the accident existed if plaintiff's version of the accident is true. Under such circumstances the jury could properly find that the failure to stop the train before the collision constituted a failure to exercise due care and was the proximate cause of the accident. The only element remaining is whether the active negligence of the plaintiff had ceased or, inversely stated, whether the plaintiff was guilty of such contributory negligence up to the time of the collision as to bar a recovery. In this respect the defendant urges that the failure of the plaintiff to leave the car before the collision, when he had ample time to do so, constitutes negligence which would operate to defeat a recovery.

When the negligence of the party seeking to invoke the last clear chance rule is active and continuous as a contributing factor up to the time of the injury, the

last clear chance rule has no application. Long v. Guilliatt, 137 Neb. 199, 288 N. W. 689; Folken v. Petersen, 140 Neb. 800, 1 N. W. 2d 916. In Parsons v. Berry, 130 Neb. 264, 264 N. W. 742, the following language was used in explanation of the rule: "The doctrine of last clear chance applies in those cases where there is negligence of the defendant subsequent to the negligence of the plaintiff and the defendant's negligence is the proximate cause of the injury."

In the present case the plaintiff was clearly negligent in driving his automobile so close to the north rail of the track on which the train was approaching. When the car could not be moved back by its own power, a new condition existed which imposed new duties upon the parties, irrespective of any negligence which brought the condition about. If the defendant's engineer knew of plaintiff's peril or in the exercise of reasonable care ought to have known of it, a new duty is imposed upon him under the last clear chance rule to use all the means at hand to avoid the accident. As we have heretofore said, the evidence is sufficient to support a finding that the engineer was negligent in not stopping his train and avoiding the accident. It was a jury question on highly conflicting evidence. Whether or not plaintiff was negligent in not leaving his car and thus escaping personal injury is likewise a jury question. While we do not doubt that one's failure to escape injury by abandoning his car in favor of a safer position may under some circumstances amount to negligence sufficient to defeat recovery as a matter of law, we do not think that situation exists here. Plaintiff's car was not on the track and there was no certainty that the train would not clear it as it passed by. The train was admittedly proceeding at a very slow rate of speed. Plaintiff was endeavoring to extricate the car and avoid any possibility of a collision. The plaintiff might well have assumed that the car could have been moved from the place of danger and discovered too late the intervening condition

which made it impossible. Whether or not the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the negligence of the engineer in failing to stop his train, under the circumstances here shown, is a jury question. It is not contended that the damages caused to the automobile are affected by any negligence on plaintiff's part in failing to avoid the consequences of the engineer's negligence in not leaving his automobile. The claimed application of the rule is to plaintiff's personal injuries and not to the automobile damage. But, under the evidence here shown, both were properly submitted to the jury.

We think the following cases set forth the correct rule. In Orlowski v. Pere Marquette Ry. Co., 222 Mich. 580, 193 N. W. 201, it is said: "If it was within the range of a finding by the jury that a reasonably prudent man, under like circumstances, would endeavor to start the car, then it is not a question of law. * * * If the speed of the train had been such as to permit its usual stop would plaintiff have had time to leave his automobile when he made the attempt and get to a place of safety? This presented a question of fact for the jury."

In Alabama Great Southern R. R. Co. v. Molette, 207 Ala. 624, 93 So. 644, the court said: "This contention * * * treats plaintiff's failure to escape as the sole cause of his misfortune and relegates all negligence on the part of defendant or its agents to the limbo of remote causes. That the jury might have reached this conclusion cannot be denied, for they might have found that plaintiff was negligent in going upon the track, and it seems very probable that plaintiff might have escaped had he quit his truck promptly on seeing the approach of the train instead of trying to get his machine away. But there (these) were questions for the jury, as was the question whether, in the circumstances, plaintiff, after his machine 'choked down' or 'went dead' on the track, acted as a reasonably prudent man, and, further, whether defendant's engineer observed what plaintiff was about and the

improbability of his escape in time to have taken measures of his own which might have given plaintiff an opportunity to escape notwithstanding his efforts to save the truck or to save himself by getting the truck off the track."

See, also, St. Louis-San Francisco Ry. Co. v. Thompson, 30 F. 2d 586; Dickinson v. Erie R. R. Co., 81 N. J. L. 464, 81 A. 104; Cincinnati, N. O. & T. P. Ry. Co. v. Ross, 215 Ky. 114, 284 S. W. 1015.

We hold that the issue of the last clear chance was properly submitted to the jury and that the evidence is sufficient to sustain the verdict of the jury rendered thereon.

AFFIRMED.