JOHN FRISH, APPELLEE, V. SWIFT & COMPANY, APPELLANT.

FILED FEBRUARY 12, 1915.   No. 17,991.

1. Negligence: ACTS DONE IN EMERGENCY. On the issue of contributory negligence in an action to recover damages for personal injuries, where plaintiff was placed in a position of sudden peril without any fault on his part, the test of his conduct is that of a person of ordinary prudence confronted with the same circumstances, and this rule applies to cases in which the emergencies arise from accidents or from acts of third persons or from negligence of the defendant.

2. ———: QUESTIONS FOR JURY: CONFLICTING EVIDENCE. In actions to recover damages for personal injuries, issues of negligence and contributory negligence are questions for the jury, where the evidence is conflicting.

3. Master and Servant: ASSUMPTION OF RISK. An employee does not assume the risk of actionable negligence on the part of his employer.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Greene, Breckenridge, Gurley & Woodrough,* for appellant.

*Smyth, Smith & Schall, contra.*

ROSE, J.

Plaintiff brought this suit to recover from his employer damages in the sum of $3,000 for personal injuries. From judgment on a verdict in favor of plaintiff for $2,000, defendant has appealed.

At the time of the injury plaintiff and about 50 other employees were working in the sheep department of defendant's packing house in South Omaha. Sheep were handled at the rate of 200 an hour. When killed they were suspended from an overhead, moving, endless chain, running on small pulleys supported by a stationary iron rail swung from the ceiling. The slaughtered animals moved with the chain past plaintiff, who, in common with other butchers,

had a distinct service to perform in the dressing of each animal. The cattle department was in operation at the same time in a different part of the same room. A steer, infuriated by a blow intended to be, but not proving, fatal, ran into the sheep department. An alarm was given. The chain was stopped. The employees, without exception, hastened to places of safety. One jumped behind a post. Another crawled into a pit. Plaintiff climbed onto a three-inch railing, threw his left arm on the overhead rail already described, and clung to the chain with his left hand. Before the steer had been killed and before the employees had returned to their places, the chain was started, drawing plaintiff's hand into the pulleys. This action was brought to recover resulting damages. The starting of the chain without notice or warning under the existing conditions is the negligence imputed to defendant. The latter denied negligence, and pleaded contributory negligence and assumption of risk.

Error in refusing to direct a verdict for defendant is one of the assignments. Under this head it is argued that plaintiff was guilty of contributory negligence as a matter of law, and that there is no evidence of actionable negligence on part of defendant. It is asserted that when plaintiff climbed onto the railing he knew the chain was dangerous; that it was unnecessary to put his hand on it; that he knew it was almost constantly in motion during working hours; that his act amounted to negligence; that he should have put his arm around the track in which the chain ran or grasped some other safe and convenient part of the structure. The truth of these assertions would not necessarily defeat the action on the ground of contributory negligence. It is undisputed that plaintiff was required to act instantly in the face of imminent peril. An infuriated steer, a few feet away, was charging toward him. No place had been provided for his safety. He had no time for deliberation. The machinery was motionless. The chain had been stopped. It was dangerous only when in motion. The butchers were not in their places to perform their work on moving carcasses suspended from the chain. Following

the instinct of self-preservation, plaintiff's attention was directed to the movements of the dangerous animal. The situation was not created by plaintiff's negligence. In the analysis of his conduct under such conditions, the law did not require mature deliberation in front of the approaching, infuriated steer or the wisest selection of the place to put his hand, while balancing on a three-inch railing. The test of contributory negligence in a situation like this is not to ascertain where a person of ordinary prudence would have deliberately put his hand in the absence of danger, but what he would be likely to do under the same circumstances in the presence of the existing peril. It is clear that plaintiff was not guilty of contributory negligence as a matter of law. The issue was one of fact for the jury.

The law has been correctly stated as follows: "When a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that, as matter of law, he is guilty of contributory negligence because he fails to make the most judicious choice between hazards presented, or would have escaped injury if he had chosen differently. The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do, in the presence of such existing peril, and is one of fact for the jury." *Pennsylvania R. Co. v. Snyder,* 55 Ohio St. 342.

The rule is not confined to cases where the peril was created by defendant's negligence, but is applicable to situations arising from accidents or from acts of third persons. *Chattanooga E. R. Co. v. Cooper,* 109 Tenn. 308; *Cassida v. Oregon R. & N. Co.,* 14 Or. 551; *Alabama & V. R. Co. v. Lowe,* 73 Miss. 203; *Palmer v. Larchmont Horse R. Co.,* 98 N. Y. Supp. 567; *Wheeler v. Oregon R. & N. Co.,* 16 Idaho, 375; *Hoff v. Los Angeles Pacific Co.,* 158 Cal. 596; *Cannon v. Pittsburg & Birmingham Traction Co.,* 194

Pa. St. 159; *Lemay v. Springfield Street R. Co.*, 210 Mass. 63, 37 L. R. A. n. s. 43, note, p. 57.

Was actionable negligence proved? Defendant's foreman controlled the power used in operating the chain. He stopped the chain when the warning of danger was given. The jury settled the fact that the foreman started the chain without warning. There is evidence tending to show that plaintiff at the time was in plain view of the foreman, who was perhaps not over 20 feet away. Plaintiff's unusual position, with his arm on the overhead railing, and his left hand necessarily near the chain or on it, would naturally attract attention. Though the foreman denied that he saw plaintiff in the situation described, the denial is not conclusive. *Zitnik v. Union P. R. Co.*, 91 Neb. 679. It may be inferred from circumstances of which there is proof that the foreman knew, or by the exercise of ordinary care should have known, of plaintiff's peril. Plaintiff was not a trespasser. Defendant owed him the duty of exercising ordinary care to prevent injury. Under the circumstances the issue of negligence was one of fact for the jury.

Plaintiff did not assume the risk of actionable negligence.

The instructions are in harmony with the views expressed.

The record does not affirmatively show that the verdict is excessive.

                                           AFFIRMED.

MORRISSEY, C. J., not sitting.