CARL SORENSEN, ADMINISTRATOR, APPELLEE, V. SELDEN-BRECK CONSTRUCTION COMPANY, APPELLANT.

FILED SEPTEMBER 20, 1915.   No. 18214.

1. **Master and Servant:** INJURY TO SERVANT: LIABILITY. A construction company which violates the law, and neglects the safeguards required in the keeping and use of inflammable coal oils, is guilty of negligence, and if such negligence is the proximate cause of injury to an employee, without contributory negligence on his part, the company will be liable in damages.

2. **Negligence:** ACTION FOR DEATH: PRESUMPTION. "If a person is killed through the negligence of another, and there is no evidence as to negligence or due care on the part of the deceased, the law presumes that the deceased was exercising reasonable and ordinary care at the time of his injury with a view to his safety." *Albrecht v. Morris*, 91 Neb. 442. But this presumption obtains only when there is no substantial evidence as to care or want of care on the part of the deceased. When there is such evidence, the presumption has no place in the case.

3. ———: ———: INSTRUCTIONS: PRESUMPTION. In such case, when the evidence is conflicting as to contributory negligence on the part of the deceased, an instruction that there is a presumption of due care on his part is erroneous. But if such instruction is that the presumption exists "in the absence of evidence to the contrary," and "until it is overthrown by a preponderance of the evidence," and from all of the instructions it does not appear that the jury might have understood that the presumption might counterbalance evidence of negligence on the part of the deceased, the giving of such instruction will not be held prejudicial so as to require a reversal.

98Neb.44

4. **Damages.** Under the evidence in this case, a verdict for $15,000 is excessive, and plaintiff is required to remit $5,000 therefrom.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed on condition.*

*Greene, Breckenridge, Gurley & Woodrough,* for appellant.

*H. S. Daniel* and *John A. Moore, contra.*

SEDGWICK, J.

The Selden-Breck Construction Company was engaged in constructing a concrete building in the city of Omaha, and, the weather being very cold, it was necessary to take precautions against freezing, and for that purpose fires were built in two sheetiron firepots, called salamanders. These firepots were about 20 inches in diameter and 30 inches in height, and were placed four or five feet apart on a scaffold which was elevated above the concrete floor of the building. Samuel Larsen was in their employ, and assisted in building these fires. Soon afterwards, while he was standing between these two salamanders with the can of coal oil in his hand, there was an explosion, which covered him with the burning oil and caused his death. The plaintiff, as administrator of his estate, brings this action to recover damages, alleging that the death of the deceased was caused by the defendant's negligence. In the district court he recovered a verdict and judgment for $15,000 damages, and the defendant has appealed.

The following facts are admitted or well established by the evidence: Larsen was working under a foreman named Box. The material for building the fires was damp, and, as their custom had been, they used coal oil to saturate these materials before the fires were lighted. The defendant used both gasoline and kerosene in its business, and its custom was to keep two five-gallon cans of each in the building for use. The kerosene was ordinarily kept in two white cans, and the gasoline in two red cans. Shortly before this accident the defendant had ordered five gallons

of kerosene and the man who delivered the kerosene, not being able readily to find the kerosene can, and one of the gasoline cans being empty, put the kerosene in a gasoline can. He informed the foreman Box that he had done so, and on this occasion the foreman, intending to take the kerosene, which he knew had been put in the gasoline can, took a can of oil and gave it to the deceased, supposing it was kerosene, and instructed him to saturate the material for the fire with it. This the deceased did, and after the fire was lighted the deceased was standing with this can of oil between the two salamanders, as before stated, when the explosion occurred.

There is evidence that it would be dangerous to hold an open can of gasoline so near these fires as this can was being held, since the fumes of the gasoline might escape, and, coming in contact with the flames, an explosion would be caused. The defendant was clearly guilty of negligence in keeping the gasoline and kerosene as it did, and if this negligence resulted in furnishing the deceased with gasoline which he, without fault on his part, supposed to be kerosene, and the explosion was caused by the vapor of the gasoline escaping from the can, which could not happen in the use of kerosene, the negligence of defendant was the proximate cause of the accident.

The defendant insists that it was kerosene which was given the deceased, and that he was pouring the oil upon the lighted fire, which caused the explosion; that he had been expressly warned against putting kerosene upon lighted fires, and that the deceased's own wilful negligence was the cause of the accident. We are satisfied that there is evidence in the record tending to support this contention of the defendant, and there are but two questions for us to consider: First, whether the issue so formed was properly submitted to the jury; and, second, if so, whether the damages allowed are excessive.

It will be seen that the plaintiff contends, and in order to recover must prove, that the oil given to the deceased by the foreman was gasoline, and that while the deceased was using it as he was directed by the foreman to do, and

as it would be safe to do with kerosene, the vapor of gasoline escaped from the can and came in contact with the fire that had been lighted in the salamanders, which caused the explosion. The defendant denies this, and contends that it was kerosene, and not gasoline, which was given deceased, to use, and that the deceased was attempting to pour this oil upon the fire, which caused the explosion. Of course, the plaintiff has the burden of proof upon the issue so presented. The proof is not conclusive that the can handed to deceased by the foreman contained gasoline, nor that vapor escaping from the can was the cause of the explosion, rather than an attempt of the deceased to replenish the fire with oil. No witness saw the deceased at the instant of the explosion. We will not undertake to recite the evidence of the circumstances and conditions from which this controverted point must be determined. It is sufficient to say that the evidence was such as to require the court to submit the issue to the jury. The court properly submitted the contention of the plaintiff, that the can contained gasoline, and that the vapor escaping from the can caused the explosion, and then instructed the jury: "The defendant having alleged that the deceased's injuries and death were caused by his own negligence in pouring coal oil on a live fire, the burden of proof is upon the defendant to establish this allegation by a preponderance of the testimony. Now, this testimony need not come solely from the witnesses for the defendant; but if, from a preponderance of all the testimony, the defendant has established this allegation, then your verdict should be for the defendant." Also: "There is a presumption, in the absence of evidence to the contrary, that the deceased exercised due care and caution for his own safety, and, in considering the issue of negligence of the deceased, you should give the plaintiff the benefit of this presumption, until it is overthrown by a preponderance of the evidence."

It is conceded that these instructions correctly state abstract propositions of law, but it is urged that, as stated, they are not applicable to the facts in this case, and were therefore misleading and prejudicial. It was not con-

tended that the defendant's allegations as to the manner of causing the explosion were in the nature of a denial that the can contained gasoline, and that the explosion was caused by vapor of the oil escaping therefrom, and that therefore the burden would be upon plaintiff to prove by a preponderance of the evidence that the explosion was caused by vapor from gasoline in the can which had been furnished the deceased, and not otherwise. The case was tried by both parties, as stated by defendant in its brief, upon the issue "whether the deceased, Larsen, had poured oil on the live fire, which the undisputed evidence shows had been lighted in the salamanders. * * * There need be no dispute that the burden of proof was upon the defendant to establish by a preponderance of the evidence that the deceased did pour the oil on the live fire and thereby caused his death." The defendant's contention appears to be that it was prejudicial to defendant to follow the instruction which submitted that issue with the instruction, above quoted, that the presumption is "that the deceased exercised due care and caution for his own safety."

It must be conceded that this instruction was unnecessary in this case. It is only "in the absence of evidence to the contrary" that the presumption obtains, and, when the evidence is substantially conflicting upon that point, no such instruction as to presumption of care should be given. The supreme court of Missouri said: "There is no room for the presumption of due care in this case. Such presumption is a presumption of fact, and upon the appearance of the facts in evidence the presumption takes flight, and no longer has a place in the case. *Higgins v. St. L. & S. R. Co.*; 197 Mo. 318; *Tetwiler v. St. L., I. M. & S. R. Co.,* 242 Mo. 178; *Morton v. Heidorn,* 135 Mo. 608, 617, and cases therein cited. * * * This is a presumption indulged by the law *ex necessitate.* When the man is dead and there is no evidence as to his conduct at the time of the accident, the law, through the very necessity of the case, indulges the presumption of due care. * * * When the facts themselves are in evidence, there is no place for

a presumption as to those facts. The presumption is only indulged in the absence of evidence as to the fact of due care. \* \* \* Such proof of the facts is the matter to be weighed by the jury, and there should not be added in the scale a presumption of fact which has been displaced by the proof of the fact." *Burge v. Wabash R. Co.*, 244 Mo. 76, 94.

In *Grimm v. Omaha Electric Light & Power Co.*, 79 Neb. 387, 396, this court quoted the following from the opinion of Caldwell, J., in *Northern P. R. Co. v. Spike*, 121 Fed. 44: "The presumption arising from this natural instinct of self-preservation stands in the place of positive evidence, and is sufficient to warrant a recovery, in the absence of countervailing testimony. \* \* \* Nor is this presumption applied only when no one witnesses the accident. It has its application in all cases, and may be strong enough to overcome the testimony of any eye-witness. \* \* \* This principle has been repeatedly affirmed and applied by the supreme court of the United States." This statement of the federal court was afterwards repudiated by the same court. In *Wabash R. Co. v. De Tar*, 141 Fed. 932, the court said: "As the presumption reflects only the ordinary or usual conduct of men, and is at utter variance with what they sometimes do, it is not entitled to probative force or weight as affirmative or positive evidence, but only to the force or effect of a rebuttable inference of fact which must necessarily yield to credible evidence of the actual occurrence. \* \* \* It is true that in the opinion of this court in *Northern P. R. Co. v. Spike*, 121 Fed. 44, there are expressions indicating that the presumption of the exercise of due care and caution 'has its application in all cases,' and is entitled to weight as affirmative evidence, but as these expressions appear to have gone beyond what was necessary to a decision of that case, and to ascribe to the presumption greater force and influence than in principle should be accorded to it, they cannot be permitted to control the decision of other cases."

In a later case, *Albrecht v. Morris*, 91 Neb. 442, the correct rule is stated in the syllabus: "If a person is killed

through the negligence of another, and there is no evidence as to negligence or due care on the part of the deceased, the law presumes that the deceased was exercising reasonable and ordinary care at the time of his injury with a view to his safety."

But the instruction in this case tells the jury that a preponderance of the evidence that deceased did not exercise due care will overthrow the presumption. The instruction might have been further limited and explained, and no doubt would have been, if further instruction of that kind had been requested. It is not clear that the jury must have understood from these two instructions that the presumption would counterbalance competent evidence of contributory negligence. The question of due care on the part of deceased was to be determined by a preponderance of the evidence on that point. It is not so clear that the jury were misled by this instruction, and that the defendant was prejudiced thereby, as to require a reversal.

The jury rendered a verdict for $15,000 in favor of the plaintiff. It is contended that this is excessive. The deceased was about 27 years of age. He had been continually working as a laborer, and his wages were about $15 a week. He left a widow about 22 years of age and an infant child. If one-third of his wages were used for his own support, and he contributed about two-thirds towards the support of his wife and child, this would amount to a little over $500 a year. In *Grimm v. Omaha Electric Light & Power Co., supra,* and in *Armstrong v. Union Stock Yards Co.,* 93 Neb. 258, the amount recovered in each case was $7,000, and this court refused to set aside the verdict in either case as excessive. In one of these cases the deceased was a little younger, and in the other the deceased was a little older, than the deceased in the case at bar. There were perhaps other circumstances in the cases referred to that might influence the amount of the recovery, but neither of those cases affords a precedent justifying the amount of recovery in this case. When we consider the present worth of an annuity of $500 a year during the expectancy of the deceased, it is apparent that

this evidence will not support a verdict for more than $10,000.

The judgment of the district court is therefore reyersed and the cause remanded, unless the plaintiff enters a remittitur in this court of $5,000 within 30 days. If such remittitur is entered, the judgment of the district court will be affirmed.

AFFIRMED ON CONDITION.

HAMER, J., not sitting.