HOLGER NIELSEN, APPELLANT, V. YELLOW CAB & BAGGAGE COMPANY, APPELLEE.

FILED FEBRUARY 21, 1936. No. 29541.

*Smith & Schall, James C. Kinsler* and *A. Marvin Lungren*, for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

From an adverse verdict and judgment in a personal injury action, plaintiff has appealed.

In his petition plaintiff alleged that he was struck and injured by one of defendant's taxicabs while he was in the act of crossing Sixteenth street in the city of Omaha, on the evening of October 20, 1933. Plaintiff charged a number of acts of negligence. Defendant admitted that plaintiff was injured at the time and place alleged, but denied that the injury was the result of any negligence of defendant, and alleged that plaintiff's injury was the result of his own negligence.

The record reflects the following facts: At about 8:25

in the evening of October 20, 1933, plaintiff was walking along the north side of Nicholas street, started to cross Sixteenth street, which is 60 feet wide between curbs, and reached a point midway between curbs, or the center of Sixteenth street. One of defendant's taxicabs was traveling south on Sixteenth street and about 10 feet west of the center of the street. When the taxicab reached the north line of Nicholas street there was a collision between the taxicab and plaintiff. The evidence is undisputed that plaintiff had reached the center of the street, and it is also undisputed that the taxicab was traveling south on Sixteenth street, with the left, or east, side of the cab 10 feet west of the center of the street.

The evidence on behalf of defendant is that, as the taxicab approached the north line of Nicholas street and when within 15 or 20 feet thereof, the plaintiff either turned or stepped back towards the west side of Sixteenth street and stumbled and fell, or collapsed, against the left front fender of the taxicab and received the injuries of which he complains. Plaintiff's deposition was taken before the trial, and he testified that he had not seen the taxicab at any time before he was struck; that he did not remember anything after stepping from the curb into the street until he recovered consciousness in the hospital. He also testified, upon this trial, that he did not see the taxicab at any time before he was injured, but testified that he did not turn back after reaching the center of the street.

The driver of the taxicab testified that when the taxicab reached a point 15 to 20 feet from the north line of Nicholas street plaintiff turned and started westward and apparently stumbled and fell across the front fender of the taxicab. A passenger in the taxicab testified that he had seen plaintiff when he entered the street and when the taxicab was 100 yards north of Nicholas street; that, as the cab approached Nicholas street and when within 15 or 20 feet thereof, plaintiff stepped back, swayed and collapsed; that he saw him in the act of falling; that plaintiff would not have been touched by the taxicab if he had not fallen, and that if he

had remained in his position in the center of the street the taxicab would have passed 10 feet west of him. The evidence is undisputed that the taxicab had been traveling at the rate of 25 miles an hour but decreased its speed to 20 miles as it approached the intersection of Sixteenth and Nicholas streets. Since plaintiff had reached the center of Sixteenth street and was injured 10 feet west thereof, it is evident that he must have retraced his steps or he could not have come in contact with the taxicab.

Plaintiff has invoked the doctrine of the "last clear chance." It is evident that plaintiff, himself, was guilty of negligence in not looking and seeing the taxicab approaching him when he started to retrace his steps to the west side of Sixteenth street. It is also evident that he was not in a position of peril, so far as defendant was concerned, until he turned and attempted to retrace his steps. The evidence discloses that when he started to turn back, and when it would be apparent that he was in a position of peril from the taxicab, it was within 15 to 20 feet of the place where the collision occurred, and that less than one second of time elapsed from the time that he became in a position of peril until the injury occurred. The driver of the taxicab applied his brakes vigorously, and the taxicab was stopped within a distance of 10 feet after the impact. Clearly, there was insufficient time for the defendant's driver, in the exercise of ordinary care, to have stopped the taxicab or to have avoided the collision.

In *Johnston v. Delano*, 100 Neb. 192, 158 N. W. 1034, it was held: "The rule of the 'last clear chance' is based upon the idea that, when any person is in a place of danger, whether negligent or not, one who knows, or who might know, and under the circumstances ought to know, of the danger, must use every precaution to avoid injuring him.

"In the absence of proof of opportunity to avoid injuring such person after his danger was discovered, or ought to have been discovered, there is no reason for the application of the 'last clear chance' doctrine." See, also, *Anderson v. Missouri P. R. Co.*, 95 Neb. 358, 145 N. W. 842; *Kruger v.*

*Omaha & C. B. Street R. Co.*, 80 Neb. 490, 114 N. W. 571. Under the circumstances disclosed by the record, it is clear that the doctrine of the "last clear chance" is not applicable.

The evidence is that the street was well lighted; that the taxicab, as it was approaching Nicholas street from the north, was clearly visible and could have been seen by plaintiff, had he looked. That he did not look and did not see it discloses that he was guilty of gross negligence. The driver of the taxicab had no reason to anticipate that plaintiff would turn back and be in a place of peril, until he actually saw the plaintiff retracing his steps. It was then too late for the driver, in the exercise of the utmost care, to have prevented the accident. The evidence is insufficient to support a finding that plaintiff was injured by any negligent act of the defendant.

There are numerous assignments of error relating to the giving and refusing of instructions. It is unnecessary to consider any of these assignments. Even if there was error in any of the instructions, it was not prejudicial to the plaintiff, since, under the facts disclosed, he was not entitled to a verdict in his favor.

AFFIRMED.