ADDIE MOSES, APPELLEE, V. JACK MITCHELL, APPELLANT.

298 N. W. 338

FILED MAY 23, 1941. No. 31086.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Charles E. O'Brien* and *Emmet S. Brumbaugh, contra.*

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

CARTER, J.

This is an action to recover damages for personal injuries sustained in an automobile accident. The verdict and judgment were for $1,500, and the defendant Mitchell appeals.

The record shows that the plaintiff and her husband, Albert Moses, were driving on the paved highway between Omaha and Fremont on Sunday afternoon, October 1, 1939, the date of the accident involved in this action. The car was being driven by Albert Moses, and Addie Moses, the

plaintiff, occupied the front seat with him. As the Moses car approached the intersection of highway No. 130 with highway No. 275, the highway upon which the Moses car was traveling in a southwesterly direction, Moses indicated an intention to turn to the left onto highway No. 130, by hand signals and by stopping his car. The record further shows that defendant Racine was following the Moses car, and shortly after Moses brought his car to a stop with the intention of making his left turn when traffic permitted, the Racine car collided with the rear of the Moses car, causing it to be shoved across the center line of the highway into the path of oncoming traffic. As Moses approached the intersection there were three cars coming from the opposite direction. The first passed by before the collision, and the second, driven by the defendant Jack Mitchell, crashed into the front of the Moses car after it had been pushed into the path of the Mitchell car by the car driven by Racine.

A judgment was obtained by the plaintiff against Mitchell and Racine. Mitchell appealed to this court. The defendant Racine did not appeal and the judgment has become final as to him.

The evidence of Albert Moses is to the effect that as he approached the intersection he slowed down his car and signaled a left turn with his left arm. Later he signaled that he was about to stop and subsequently did stop to permit oncoming traffic to pass by. His testimony was that the three approaching cars were spaced about 150 to 200 feet apart, the first car being a little farther from the intersection than the Moses car as both approached it. Moses estimated the speed of the Mitchell car at 55 miles an hour as it approached the intersection. It is the testimony of Moses that his car, when he got it stopped after it had been struck by the Racine car, was five feet over the center line and the Mitchell car was then about 25 feet away. The accident happened within two to five seconds thereafter.

The evidence of Mitchell is to the effect that he ap-

proached the intersection at a speed of 40 miles an hour. He saw the signals given by Moses and observed that he stopped before attempting a left turn. He was 50 feet away when the Racine car first struck the Moses car and 25 feet away when the Moses car stopped after being struck by the Racine car. Tire marks were made on the pavement for a distance of 42 feet back from the point of the accident by the Mitchell car. Mitchell testifies that the accident happened very quickly, within a few seconds. He applied his brakes promptly and attempted to turn to the right to avoid a collision, but was unable to do so.

The evidence of other witnesses imports substantially the same story. It is the contention of the defendant Mitchell that the proximate cause of the accident was the negligence of Racine in causing his car to collide with the Moses car, pushing it into the path of his car. He further argues that he used every available means of avoiding the accident and that the doctrine of the last clear chance is therefore inapplicable.

The negligence of the defendant Racine and the want of sufficient contributory negligence on the part of the plaintiff to defeat her recovery are established by the verdict of the jury. The only question to be determined is the sufficiency of the evidence to sustain a judgment against the defendant Mitchell on the theory that he negligently failed to avoid the accident under the last clear chance doctrine.

The evidence in its most favorable interpretation shows that Mitchell approached this intersection at a speed of 55 miles an hour. The day was clear and visibility was good. Certainly, a speed of 55 miles an hour on a state highway in open country on a clear day is not of itself negligence. As Mitchell approached the Moses car, he observed that it had come to a complete stop to permit him to pass. It was only when he was within 50 feet of the Moses car that he saw the Racine car strike it and shove it into his path. He applied his brakes immediately, the undisputed evidence showing that tire marks were burned on the pavement by the application of his brakes for a distance of 42 feet. That

he was faced with a sudden emergency cannot be questioned. All the evidence is to the effect that only two to five seconds elapsed from the time the Moses car was struck until the Mitchell car crashed into it. We do not think that this evidence is sufficient to sustain a finding that Mitchell had a reasonable opportunity to avoid hitting the Moses car.

The case of *Johnson v. City of Omaha*, 108 Neb. 481, 188 N. W. 122, is somewhat similar to the instant case. In that case a fire truck was traveling down an Omaha street at a speed of approximately 18 miles an hour when a car driven by one Moschel hit the deceased's car and threw it into the side of the fire truck. The brakes were immediately applied. The court, in holding that the last clear chance doctrine did not apply said: "Applying the foregoing rules of law to the facts uncontrovertedly established in this case, was the death of deceased the natural, probable, reasonable and proximate consequence, under the circumstances of this accident, of the speed of the city's fire truck? A new and efficient cause, not set in motion by the driver of the fire truck, and not connected with, but independent of, his acts, not flowing therefrom, is shown by the evidence to have intervened. Such intervening cause could not reasonably in the nature of things be contemplated or foreseen by the driver of the fire truck. The casting of Johnson in his automobile directly in the course of, or against, the fire truck by the said Moschel's car was that new and efficient intervening cause. No reasonable mind could arrive at the conclusion that the driver of the fire truck, observing the said approach of said cars, could anticipate or foresee that one car approaching would or might cast the other car into his course so near him that he could not stop and avoid a collision, nor, in fact, that he could foresee or anticipate that it would be cast into his course at any point whatever, nor that he could anticipate or foresee that there would be a collision between the other two cars at the street intersection."

In *Woodworth v. Johnston*, 131 Neb. 113, 267 N. W. 243, the evidence concerning the last clear chance doctrine is

much more similar to the case at bar. In that case a car being driven by a Mrs. Johnston suddenly skidded on some icy pavement into the path of a truck. In upholding the direction of a verdict in favor of the truck driver, this court said:

"From that point he saw the first swerve of the Ford to the northward, then he at once glanced to the east and saw the truck, with wheels already locked, sliding in the intersection of Twenty-fifth avenue and Burt street. This corroborates the testimony of the truck driver as to his immediate response on the first appearance of danger. The truck, before coming to a full stop, struck the right rear of the Ford at a point from 6 to 12 feet west of the west curb line of Twenty-fifth avenue, and at a place wholly on the north half of Burt street. It is true that the impact thus caused occasioned the damages sued for; but, in view of the few seconds that intervened between the first signal of possible danger and the crash, the accident was clearly unavoidable. The cross-examination of witness Kidd, who testified as plaintiff's witness, closed with this statement: 'It was evident to me that the truckman could not do anything other than what he did do.'

"It is uncontrovertible that defendant Stillman was at all times lawfully proceeding along Burt street, both as to speed and his position thereon; that an emergency, created by the skidding of the Ford and the accident occasioned thereby, was due to no act of his; and that he acted promptly and properly, and in no manner contributed to the regrettable results that followed. The action of the trial court in directing a verdict in his behalf is approved. *Johnson v. City of Omaha,* 108 Neb. 481, 188 N. W. 122."

"Before the doctrine of last clear chance can apply, the defendant must have had a chance to have avoided the collision, for the doctrine presupposes time for action." *Diehm v. Dargaczewski,* 135 Neb. 251, 280 N. W. 898.

"In the absence of proof of opportunity to avoid injuring such person after his danger was discovered, or ought to have been discovered, there is no reason for the appli-

cation of the 'last clear chance' doctrine." *Johnston v. Delano,* 100 Neb. 192, 158 N. W. 1034. See, also, *Barrett v. Alamito Dairy Co.,* 105 Neb. 658, 181 N. W. 550.

We think the evidence clearly shows that the negligence of Racine in hitting the Moses car was the proximate cause of this accident. The evidence does not show that Mitchell was driving at a negligent rate of speed under the circumstances. No act of Mitchell contributed to the collision of the Racine and Moses cars and it is not reasonable to believe that the accident could have been foreseen or contemplated by him. The shoving of the Moses car into his line of travel created an emergency in which he had only a very few seconds to act between the first indication of danger and the crash. The evidence shows that he promptly and efficiently applied his brakes. Under these circumstances we think the evidence shows that the accident was unavoidable.

Plaintiff contends that Mitchell could have turned to the right and avoided the collision. In the light of subsequent events this may be true. But under such circumstances an automobile driver is not required to pursue a course which on mature reflection might prove to be wrong. He is only required to demean himself as an ordinary, careful and prudent person would have done under like circumstances, and if he does that he is not held to be negligent, even though he committed an error of judgment. *Belik v. Warsocki,* 126 Neb. 560, 253 N. W. 689; *Oakes v. Gregory,* 133 Neb. 407, 275 N. W. 607. Neither is a person under such circumstances required to exercise the same degree of care that an ordinary prudent person would have exercised in the absence of danger. *Frish v. Swift & Co.,* 97 Neb. 707, 151 N. W. 165. We think the defendant Mitchell was confronted with such an emergency as to bring him within the foregoing rule.

As we view the evidence, the time elapsing between the first indication of danger and the happening of the collision was so brief that the defendant Mitchell had no reasonable opportunity to avoid the accident. While the meas-

ures taken by him to avoid it may not have been the best when viewed in the light of subsequent events, yet they meet all requirements of the law when considered with the circumstances under which he was suddenly called upon to act. After a consideration of all the evidence and circumstances, we are convinced that no liability attaches to the defendant Mitchell as a matter of law.

REVERSED.