JAMES J. HUGHES, APPELLANT, V. OMAHA & COUNCIL
BLUFFS STREET RAILWAY COMPANY, APPELLEE.

8 N. W. (2d) 509

FILED MARCH 19, 1943.   No. 31476.

*Fitzgerald, Tesar & Welch,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

Plaintiff seeks damages for injuries resulting from being struck by a street car of defendant. At the close of plaintiff's evidence the trial court sustained a motion to dismiss plaintiff's cause of action. Plaintiff appeals. We affirm the decision of the trial court.

The accident occurred at Sixty-second and Maple streets in Omaha. Sixty-second street runs south from Maple street so that the two streets form a T at that point with buildings built along the north side of the T on Maple street.

Maple street is 60 feet in width at that point, and is level for a block or more to the west. The defendant company has a double track line on Maple street. The space in between the east-bound and west-bound tracks is referred to in the evidence as the "dummy." At all times mentioned herein the street was lighted by a street light at the southwest corner of the intersection, aided by lights from and on the buildings to the north and southeast. The street is paved with brick and a pedestrian crosswalk marked across the street on the west side of the intersection. The width of the pedestrian lane is not shown. The street car which struck the plaintiff was east-bound and at all times mentioned herein was in motion and fully lighted.

The evidence as to how and where the accident happened is all given by the plaintiff. There is but one dispute in it to which reference will be made separately herein. His testimony supports the following summary of facts.

The accident occurred about 1 a. m. on the morning of October 28, 1940. Plaintiff was in a tavern on the north side of Maple street, waiting for the east-bound 1 o'clock street car, which he intended to take to go to his home. The car turned on a Y at Sixty-fifth avenue. Plaintiff could see it as it left the Y. He came out of the tavern and watched the approaching car. When it was from 150 to 175 feet west of the crosswalk it was traveling at a speed of 30 miles an hour. He then left the sidewalk and entered the crosswalk, proceeding at a fast walk or run, or as he

said, "I call it running," hat in hand and waving it to attract the motorman's attention. Plaintiff continued to run or walk fast. When plaintiff reached the "dummy" the car was 20 to 25 feet from the crosswalk and going at a speed of 15 miles an hour. It then seemed to slow down and plaintiff kept on going. When the car was five to ten feet from the crosswalk it started to speed up and plaintiff "got busy" and turned and ran east and southeast, with the car, some five or six feet, making a circular turn to the south and attempting to go around in front of the car to the south side of the east-bound track. While still in the crosswalk and when he was on the south rail of the east-bound track the circular right front of the car hit him throwing him to the pavement, resulting in the injuries for which he seeks damages. Following the accident defendant's motorman told him: "I never even seen you."

Plaintiff was at all times watching the street car, and at all times plaintiff was in motion in going across the street.

Plaintiff's deposition was taken before the trial. Both in the deposition and in his cross-examination at the trial, plaintiff definitely placed himself in the "dummy" when the car was five to ten feet from the crosswalk, when it speeded up and when he turned to execute the east, southeast and south circular movement that put him in front of the moving car. A recess was taken during the progress of the examination and after the recess and at the close of plaintiff's redirect examination he was asked: "Where were you when this street car speeded up?" He answered: "I was on the south car tracks."

Plaintiff has brought himself squarely within the rule that, "When one, being in a place of safety, sees and is aware of the approach of a moving vehicle in close proximity to him, suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery." *Travinsky v. Omaha & C. B. Street R. Co.*, 137 Neb. 168, 288 N. W. 512. Plaintiff in his testimony at the trial placed the street car

five to ten feet west of the *crosswalk*, when it speeded up and when he started the movement from the "dummy" into the path of the car then increasing its speed. In his deposition plaintiff was asked: "How far was the street car away when you circled in front of it?" He answered: "I judge ten or fifteen feet." On that version of the facts he was then either in a place of safety in the dummy or where a step or two backward or to the left would have removed him from all danger. He then intentionally, and conscious of the approaching car, moved into its path and took the several steps necessary to place him where he was when he was hit.

We are unable to reconcile plaintiff's other testimony with his last statement as to where he was when he started the circular movement. It does not fit into the rest of the picture. But if we accept his last statement that he was "on the south car tracks" when the "street car speeded up," then he is in a worse position so far as recovery is concerned, for if he started from that point he started with the car some 10 or 15 feet from him, and ran on the tracks east and southeast a distance of five or six feet circling to the south, and at all times staying on the tracks and in a place of peril instead of moving directly to the south and out of the path of the oncoming car. In either event he has shown himself to be guilty of contributory negligence which, as a matter of law, prevents recovery. There is no evidence from which a conclusion may be drawn that "the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison." See Comp. St. 1929, sec. 20-1151.

Plaintiff advances the contention that he was confronted with a sudden emergency calling into force the holding in *Belik v. Warsocki*, 126 Neb. 560, 253 N. W. 689. This court, however, has recently said that the rule of sudden emergency cannot be successfully invoked by one who has brought that emergency upon himself by his own acts, or who has not used due care to avoid it. *McClelland v. Interstate Transit Lines*, 142 Neb. 439, 6 N. W. (2d) 384.

Plaintiff, while denying any negligence, argues that assuming his negligence the street car motorman should have seen plaintiff's peril and should have used every precaution to avoid the injury, and invokes the doctrine of the last clear chance. That doctrine does not apply where the negligence of the injured party is contemporaneous and active up to the very moment of an accident, and thus contributes to cause the accident. *Folken v. Petersen,* 140 Neb. 800, 1 N. W. (2d) 916.

Section 39-1148, Comp. St. Supp. 1941, provides in part: "(c) The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary line of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices."

Plaintiff argues that the failure of the street car to yield the right of way was negligence and should have been considered by the court in ruling upon the motion to dismiss. This statute does not relieve the plaintiff of responsibility for the results of his own negligence. The street car could not change its course; it is not shown that it could have stopped after the plaintiff placed himself within the arc of its lights and indicated that he was intent on crossing the street ahead of the car. Plaintiff had a continuing opportunity and duty to prevent an accident. He did not do so. Using almost verbatim the language in *Eggeling v. Chicago, R. I. & P. R. Co.,* 119 Neb. 229, 228 N. W. 361, it may be said that the plaintiff may not, in reckless disregard of any possible negligence of the street car company, rely solely upon its statutory duty, proceed to a place of danger, and expect the street car company, whose car cannot turn out or stop instantly, to be an insurer of his safety. If he does nothing for his own security he is negligent, and if the physical facts leave no doubt so that reasonable minds would not differ in that he either proceeded recklessly or

failed without reasonable excuse to take the precautions which the conditions indicate were available to him, he is, as a matter of law, guilty of negligence more than slight, which under our rule of comparative negligence bars a recovery.

The judgment of the district court is affirmed.

AFFIRMED.