LESLIE D. CARTER, SPECIAL ADMINISTRATOR OF THE ESTATE OF HANS JOHNSON, DECEASED, APPELLANT, v. WALTER ZDAN, APPELLEE.

36 N. W. 2d 781

Filed April 14, 1949. No. 32509.

*Wear, Boland & Nye* and *Leslie D. Carter,* for appellant.

*Harold W. Kauffman* and *Gross & Welch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action which was instituted by Hans Johnson, plaintiff, against Walter Zdan, defendant, to recover damages on account of personal injuries sustained by plaintiff as the result of a collision between plaintiff and an automobile owned and operated by the defendant. The action was tried to a jury. A verdict was rendered in favor of the defendant upon which judgment was rendered. Motion for new trial was duly filed. Subsequent to the filing of the motion for new trial plaintiff died. The action was revived in the name of Leslie D. Carter, Special Administrator. After revivor the motion for new trial was overruled. From the judgment and the order overruling the motion for new trial the special administrator has appealed.

The grounds of appeal are that the trial court erred in refusing to submit to the jury an instruction on the doctrine of last clear chance, although the same was pleaded and there was evidence to sustain the applicability of the doctrine and the case was tried on that theory, and that the court erred in admitting in evidence an ordinance of the city of Omaha, Nebraska.

There are two other assignments of error noted in the brief but they are not discussed hence they will not be discussed here. See Little v. Loup River Public Power District, 150 Neb. 864, 36 N. W. 2d 261.

Before it may be said that the appellant is entitled under the last clear chance doctrine to prevail on this

appeal the evidence in support of the cause of action must be shown to have met the requirements of the following rule which is the latest expression of this court on this subject:

"In order to recover under the doctrine of the last clear chance in this state there must be sufficient evidence to sustain a finding (1) that the party invoking the doctrine was by his own negligence immediately before the accident in a position of peril from which he could not escape by the exercise of ordinary care, (2) that the party against whom it is asserted knew or ought to have known of the other's peril, (3) that the party against whom the doctrine is invoked had the present ability with the means at hand to avoid the accident without injury to himself or others, (4) that the failure to avoid the accident was due to a want of ordinary care on the part of the person against whom the doctrine is invoked and that such want of ordinary care was the proximate cause of the accident, and (5) that the negligence of the party imperiled is neither active nor a contributing factor in the accident." Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385. See, also, Reynolds v. Omaha & C. B. St. Ry. Co., 108 Neb. 26, 187 N. W. 92; Nielsen v. Yellow Cab & Baggage Co., 130 Neb. 457, 265 N. W. 420; Hughes v. Omaha & C. B. St. Ry. Co., 143 Neb. 47, 8 N. W. 2d 509; Donald v. Heller, 143 Neb. 600, 10 N. W. 2d 447.

The facts upon which the decision in this respect must depend are substantially the following: L Street is a street of the city of Omaha extending east and west. The paved portion of this street is 53 feet wide and has four traffic lanes, two for east-bound and two for west-bound traffic. The place on this street of particular concern in this case is the vicinity of the intersection of it by a thoroughfare known as Dahlman Boulevard. Dahlman Boulevard intersects from the northwest. The intersection is approximately four blocks east of Thirty-third Street. There is no outlet to the south across L

Street. At a point not made certain by the evidence but generally south of the place where Dahlman Boulevard intersects L Street is located a sign indicating a stop where passengers are received and discharged by east-bound streetcar buses which regularly traverse L Street. From somewhere near this location L Street inclines upward for some considerable distance both to the east and to the west. The decedent was on and prior to December 14, 1946, employed by the Sutherland Lumber Company as a night watchman. The place of his employment was on the north side of L Street and a distance estimated to be about 100 feet east of Dahlman Boulevard. On the morning of December 14, 1946, at about 6:45 a. m. before daylight but while day was breaking, the decedent left his place of employment, went out to the north side of L Street to a point not made certain by the evidence and started either in a fast walk or slow run across L Street to the south with the purpose of boarding an east-bound bus which he saw approaching from the west. The direction taken is not certain but it reasonably appears that it was southwesterly. He testified that he looked in both directions before starting but saw nothing between the tops of the east and west inclines.

He did not testify positively that he did not look thereafter but did testify that he saw nothing after he left the north side of L Street until he was struck by appellee's automobile. The only reasonable inference to be drawn is that he did not look. He collided with the left front part of appellee's automobile which automobile was moving eastward, somewhere south of the center line of L Street and an estimated distance of from 25 to 50 feet east of the bus stop on the south side of L Street. The direct evidence indicates that the contact of decedent with the automobile was at about the center of the left fender. The only thing to the contrary is an inference drawn by the appellant that the contact was with the bumper. The inference is based

on the fact that decedent's legs were broken.

The appellee came from the west on his right side of the street at a rate of speed estimated at from 18 to 45 miles an hour. His automobile was lighted and in good operating condition. He testified that he never saw decedent until he was within a few feet of him when he suddenly swerved to the right, blew his horn, and set his brakes, whereupon the decedent ran into his left front fender.

L Street west to Thirty-third Street was open and unobstructed at the time and the grade the entire distance is gradual.

If the appellant is entitled to have this case submitted to a jury under the doctrine of the last clear chance the right must flow from the evidence, of which we think the foregoing is a fair summary, and an application thereof to the rule as stated in Whitehouse v. Thompson, *supra*.

The doctrine has no application unless the person claiming its benefit puts himself in the position of admitting that immediately before the accident he found himself in a place of peril through his own negligence from which he could not escape by the exercise of ordinary care.

Thus on appellant's theory it must be said that decedent negligently placed himself in a position of peril immediately before this accident. Could he have escaped by the exercise of ordinary care? Clearly he could have stopped or, if need appeared, stepped back out of the path of the oncoming automobile which he could have seen if he had exercised an appropriate degree of care for his own safety. The following appears in the opinion in Reynolds v. Omaha & C. B. St. Ry. Co., *supra,* which we think apropos here: "There was no time that deceased in crossing the street could not have avoided the injury to himself by merely looking for an approaching car, * * *."

An application of this element denies appellant the

right to have this action submitted to a jury under the doctrine of the last clear chance, therefore it is unnecessary to discuss either the other elements or the question of whether or not there was evidence of negligence on the part of appellee.

In the light of the foregoing determination upon the evidence it is not necessary to determine whether or not the petition sufficiently pleaded a cause of action under the doctrine of the last clear chance.

It may be well to interpolate here that the cause was submitted to a jury on the theory of negligence under the comparative negligence rule and a verdict was returned on which judgment was rendered unfavorable to the decedent and of this no complaint is made here.

In support of his contention that the court erred in admitting in evidence a provision of the ordinances of the city of Omaha without the same having been pleaded, the appellant relies upon the decisions in Nebraska cases, cases from other jurisdictions, and statements of certain text writers. The Nebraska cases are Foley v. State, 42 Neb. 233, 60 N. W. 574, and Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N. W. 767.

These Nebraska cases are not authority upon the proposition contended for. They go only to the proposition that the district court will not take judicial notice of municipal ordinances.

It does not become necessary to refer to the decisions of other jurisdictions and texts further than to say that in them is found some support for the contention, since this court has spoken directly on the question adversely to appellant.

In Omaha St. Ry. Co. v. Larson, 70 Neb. 591, 97 N. W. 824, a case wherein a like question was presented, this court said: "It is also contended that the trial court erred in admitting in evidence an ordinance of the city of Omaha, limiting the speed of street cars upon certain streets of the city, including Military avenue. This was objected to on two grounds: (1) That

it was not pleaded in the petition that the car was being run in violation of the ordinance; (2) that it was immaterial under the issues. As to the first ground of objection, we think that evidence of an ordinance, and its violation, is admissible under a general averment of negligence, where this question is material in a case."

There was a general averment of negligence on the part of decedent in the answer of appellee therefore no error was involved in the admission of the provision of the ordinance in question in evidence.

The judgment of the district court is affirmed.

AFFIRMED.