LILLIAN BUSH, ADMINISTRATRIX OF THE ESTATE OF JAMES
F. BUSH, DECEASED, APPELLANT, v. VANTINE A. JAMES,
ADMINISTRATOR OF THE ESTATE OF THOMAS BLANKENSHIP,
DECEASED, ET AL., APPELLEES.

40 N. W. 2d 667

Filed January 13, 1950. No. 32670.

*Spencer & Neumeister,* for appellant.

*Tyler & Frerichs,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Lillian Bush, as administratrix of the estate of James F. Bush, deceased, brought this suit in the district court for Otoe County against Thomas Blankenship and Alvin Abbott. After suit had been commenced the defendant Thomas Blankenship died and the action was revived against Vantine A. James, as administrator of his estate. The purpose of this action is to recover damages for the benefit of the widow and next of kin of James F. Bush, deceased, which it is claimed they sustained by reason of his wrongful death. The basis of the action is the alleged negligence of the defendant Alvin Abbott while operating a truck belonging to Thomas Blankenship, by whom he was employed, which negligence plaintiff claims was the proximate cause of the accident which resulted in the death of plaintiff's decedent. The jury's verdict was for the defendants. From a judgment on the verdict, her motion for new trial having been overruled, plaintiff appeals.

The appellant's decedent, James F. Bush, was killed in an automobile accident which occurred on the 16th of April 1948, in the intersection of Third Avenue and Sixteenth Street in the city of Nebraska City, Nebraska. The accident happened about 10:45 a. m. At the time of the accident the weather was fair, the sun was shining, and driving conditions were good.

This intersection is in the residential part of the city. Third Avenue runs east and west and Sixteenth Street runs north and south. Both are paved with 24-foot driving surfaces. As it approaches the intersection from the west Third Avenue slopes down toward the east at about a 6½ percent grade and Sixteenth Street, as it approaches the intersection from the south, slopes down toward the north at about a 3½ percent grade. There are no directional stop signs on any of the approaches to the intersection. The view across the corner to the southwest of the intersection, while somewhat obstructed by a four to five foot grade, is sufficiently open so that if either driver had looked he could have observed the other vehicle approaching.

Just before the accident the decedent was approaching the intersection from the west. He was driving his 1946 Plymouth sedan. At the same time appellee Abbott, an employee of the deceased Thomas Blankenship, was approaching the intersection from the south. Abbott was driving a 1946 two-ton Chevrolet truck owned by the deceased Blankenship. Riding in the cab of the truck with Abbott was Bert Eblen, another employee of the deceased Blankenship. These two vehicles came together at a point just north and east of the center of the intersection. The right rear of the car, at a point just in front of its right rear fender, came in contact with the left front of the truck. The rear of the car then skidded to its left or north. It hit the curb located in the northeast part of the intersection. The car then rolled and skidded toward the east until it came to rest on its left side some 65 feet from the point of impact. The car, when it stopped, was headed south. The rear end was on and over the curb. Bush was out of the car but it was lying on him. As a result of the injuries he received Bush died shortly thereafter.

There is evidence in the record from which the jury could have found that appellee Abbott, the driver of the truck, did not maintain a proper lookout as he

approached and entered the intersection of Sixteenth Street and Third Avenue for vehicles approaching the intersection from the west. There is also evidence in the record from which the jury could have found that appellant's decedent, James F. Bush, approached and entered the intersection at a high and excessive rate of speed, to wit, 55 to 60 miles an hour; that as he approached and entered the intersection he failed to maintain a proper lookout for vehicles approaching from the south; and that the truck entered the intersection first, had the directional right-of-way, and that appellant's decedent failed to respect the same. The case was therefore one for the jury as to the issues of negligence and contributory negligence.

Appellant contends that since an action to recover for the wrongful death of a person must be brought in the name of the personal representative of such deceased person for the exclusive benefit of the widow or widower and next of kin that the trial court erred when, in instruction No. 1, it did not make a clear distinction between the appellant as the personal representative of the estate of the deceased James F. Bush, and as Lillian Bush, the widow of the deceased.

The statute authorizing such suits requires that they be brought by the personal representatives of deceased persons for the exclusive benefit of the widow or widower and next of kin. See sections 30-809 and 30-810, R. R. S. 1943, and Swift v. Sarpy County, 102 Neb. 378, 167 N. W. 458.

It is true that parts of instruction No. 1 are subject to the foregoing criticism and it could have been drafted in more suitable language. However, the instructions as a whole, particularly Nos. 3, 4, and 24, clearly set forth who the plaintiff is and in behalf of whom the action was brought. We think this contention is without merit as the situation here clearly falls within the rule as announced in Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217. Therein we said: "Instructions

should be considered together in order that they may be properly understood, and when, as an entire charge, they properly submit the issues to the jury, the verdict will not be set aside for harmless error in one of them."

Appellant further contends that error was committed by the court in its manner of handling certain evidence of the witness Arnold Murphy, a taxi driver, who took Mrs. James F. Bush and another lady from the Bush store to the scene of the accident very shortly after it happened. He testified as to statements made by Mrs. Bush during the trip to the place of the accident while she was conversing with the other lady. Over objection this witness was permitted to testify as follows: "Q Was there a discussion between Mrs. Bush and this lady in which Mrs. Bush said something about the accident? A There was. Q What did she say about it? * * * A She said Mr. Bush was in an awful hurry, and they were planning on going to Omaha in the afternoon. Q Did she state anything further as to why they were going to Omaha in the afternoon? * * * A They were going to the hospital in Omaha." Motion to strike the testimony of this witness was overruled. Later in the trial the court struck out of this testimony the language "was in an awful hurry," and admonished the jury to disregard that testimony of the witness. Assuming, for the sake of the contention here made, that this evidence was not admissible and should not have been admitted, can it be said that the court did not properly withdraw it from consideration of the jury?

While a direction by the trial court to a jury, either oral or written, not to consider improperly admitted evidence may not always remove its prejudicial effect, depending upon its nature and the circumstances under which received, however, we have said: "Where evidence improperly received is afterwards stricken out and expressly withdrawn from the consideration of the jury, the error involved in its reception is ordinarily

cured." Chicago, R. I. & P. Ry. Co. v. O'Neill, 58 Neb. 239, 78 N. W. 521.

Here there is ample competent evidence relating to the speed Bush was driving immediately before and at the moment of the impact. Under these circumstances we find no prejudicial error in the manner in which this was handled by the trial court.

The appellant also contends that, because the car driven by decedent Bush was almost out of the intersection when struck on the right rear, this gives rise to the doctrine of res ipsa loquitur and the presumption of negligence on the part of the appellees. We do not think this doctrine has any application to the factual situation here presented.

Appellant further contends that the court should have instructed the jury on the principle that negligence is not to be presumed but rather that it is presumed that a person killed was in the exercise of ordinary care. It is true that negligence is never presumed solely from the fact that an accident occurred.

As stated in Grimm v. Omaha Electric Light & Power Co., on rehearing, 79 Neb. 395, 114 N. W. 769: "The instinct of self-preservation and the disposition of man to avoid personal harm may, in the absence of evidence, raise the presumption that a person killed or injured was in the exercise of ordinary care."

However, as stated in Sorensen v. Selden-Breck Construction Co., 98 Neb. 689, 154 N. W. 222: " 'If a person is killed through the negligence of another, and there is no evidence as to negligence or due care on the part of the deceased, the law presumes that the deceased was exercising reasonable and ordinary care at the time of his injury with a view to his safety.' Albrecht v. Morris, 91 Neb. 442. But this presumption obtains only when there is no substantial evidence as to care or want of care on the part of the deceased. When there is such evidence, the presumption has no place in the case."

The record contains substantial evidence as to want of

care on the part of Bush, consequently the presumption had no place in the case.

Appellant pleaded, requested an instruction on, and now contends that prejudicial error was committed by the trial court in not submitting to the jury the doctrine of the last clear chance.

We said, in Carter v. Zdan, 151 Neb. 185, 36 N. W. 2d 781: "In order to recover under the doctrine of last clear chance there must be sufficient evidence to sustain a finding that the party invoking the doctrine was by his own negligence immediately before the accident in a position of peril from which he could not escape by the exercise of ordinary care; that the party against whom it is asserted knew or ought to have known of the other's peril; that the party against whom the doctrine is invoked had the present ability with the means at hand to avoid the accident without injury to himself or others; that the failure to avoid the accident was due to a want of ordinary care on the part of the person against whom the doctrine is invoked and that such want of ordinary care was the proximate cause of the accident; and that the negligence of the party imperiled is neither active nor a contributing factor in the accident. * * * The doctrine has no application unless the person claiming its benefit puts himself in the position of admitting that immediately before the accident he found himself in a place of peril through his own negligence from which he could not escape by the exercise of ordinary care." See, also, Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385.

In order to submit this doctrine to the jury there must be competent evidence to sustain each of the foregoing elements.

There are two reasons shown by the evidence why this doctrine should not have been submitted to the jury:

First. While there was competent evidence in the record from which the jury could have found that appellant's decedent was, immediately preceding the acci-

dent, guilty of negligence which placed him in a position of peril, to wit, failing to keep a proper lookout, approaching and entering the intersection at a high and excessive rate of speed, and entering the intersection after the truck had the directional right-of-way; however, there is nothing in the record from which the jury could have found that these acts had ceased at any time prior to the accident.

As stated in Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613:

"It is urged, however, that the doctrine of the last clear chance is applicable. We think not. The negligence of the plaintiff was continuous and active to the very time of the accident. The last clear chance doctrine has no application under such circumstances. Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385; Carter v. Zdan, *ante* p. 185, 36 N. W. 2d 781."

"A person who is himself negligent may not recover under the doctrine of the last clear chance where his negligence is active and continuing to the very time of the accident. Such a situation involves questions of comparative negligence and not those of the last clear chance doctrine."

For other cases holding to the same effect, see Kubo v. Fish, *ante* p. 74, 40 N. W. 2d 270; Whitehouse v. Thompson, *supra*; Ellis v. Union P. R. R. Co., 146 Neb. 397, 19 N. W. 2d 641; Hughes v. Omaha & C. B. St. Ry. Co., 143 Neb. 47, 8 N. W. 2d 509; Donald v. Heller, 143 Neb. 600, 10 N. W. 2d 447.

Second. There is not sufficient evidence in the record from which the jury could have found, as a matter of fact, that appellee Abbott had a clear chance to avoid the accident.

As stated in 38 Am. Jur., Negligence, § 219, p. 905: "The doctrine is not applicable where the emergency is so sudden that there is no time to avert the accident. Succinctly stated, the last clear chance must be a clear one."

We have said in Ellis v. Union P. R. R. Co., *supra*: " 'Before the doctrine of last clear chance can apply, the defendant must have had a chance to have avoided the collision, for the doctrine presupposes time for action.' Diehm v. Dargaczewski, 135 Neb. 251, 280 N. W. 898; Moses v. Mitchell, 139 Neb. 606, 298 N. W. 338."

" 'In the absence of proof of opportunity to avoid injuring such person after his danger was discovered, or ought to have been discovered, there is no reason for the application of the "last clear chance" doctrine.' Johnston v. Delano, 100 Neb. 192, 158 N. W. 1034." Nielsen v. Yellow Cab & Baggage Co., 130 Neb. 457, 265 N. W. 420. See, also, Moses v. Mitchell, 139 Neb. 606, 298 N. W. 338.

For the reasons stated we find all of the appellant's contentions to be without merit. The court's judgment entered on the verdict of the jury is therefore affirmed.

AFFIRMED.